Case 4:23-cv-03252   Document 25   Filed on 12/12/24 in TXSD   Page 1 of 5

United States District Court
Southern District of Texas
**ENTERED**
December 12, 2024
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| JOSEFINA SANDOVAL, § | |
| § | |
| Plaintiff, § | |
| § | |
| VS. § | CIVIL ACTION NO. 4:23-CV-03252 |
| § | |
| WAL-MART STORES TEXAS, LLC, § | |
| § | |
| Defendant. § | |

### MEMORANDUM OPINION AND ORDER

**I.   INTRODUCTION**

Pending before the Court is the defendant's, Wal-Mart Stores Texas, LLC ("Wal-Mart"), motion for summary judgment (Dkt. No. 20). The plaintiff, Josefina Sandoval ("Sandoval"), has filed a response to the defendant's motion (Dkt. No. 24). After reviewing the motion, the pleadings, the record, and the applicable law, the Court determines that the defendant's motion should be **GRANTED**.

**II.   FACTUAL BACKGROUND AND CONTENTIONS**

Sandoval alleged that on or about October 23, 2022, while she was an invitee on Wal-Mart's premises at 15955 Farm to Market 529, Houston, Texas, she fell due to a substance on the floor. Sandoval stated that she was walking in a reasonable manner, exercising care for her own safety and the safety of others. The substance on the floor allegedly created an unreasonably dangerous condition, which she claims that Wal-Mart failed to address by either cleaning it up or placing a cautionary wet floor sign to warn of the hazard. Sandoval contends that Wal-Mart, being

in the best position to eliminate or warn of the danger, breached its duty of care, resulting in her fall and subsequent injuries.

Sandoval claims negligence on the part of Wal-Mart, asserting that Wal-Mart had a duty to maintain the premises in a safe and reasonable condition for all invitees, including herself. She alleges that Wal-Mart breached this duty by failing to: (1) maintain the premises safely, (2) have and enforce policies or procedures to ensure safety, (3) train employees to prevent such hazards, and (4) adequately supervise the premises to avoid dangerous conditions.

Additionally, Sandoval alleged premises liability, arguing that Wal-Mart failed to exercise ordinary care as a premises operator and landlord. She also asserts that Wal-Mart had actual or constructive knowledge of the hazardous condition, but failed to warn her or make the premises safe. Sandoval further claims that the condition was neither open nor obvious and that Wal-Mart was in the best position to eliminate the danger but failed to do so. This failure, she argues was a direct cause of her injuries.

### III. DEFENDANT'S CONTENTIONS

Wal-Mart asserts that Texas law makes a clear distinction between negligent activity and premises liability claims. According to Wal-Mart the Texas Supreme Court, an action based on negligent activity requires affirmative, contemporaneous actions directly causing the injury, while premises liability addresses dangerous conditions on the property resulting from inaction or a failure to make the premises safe. Wal-Mart further argues that Sandoval's claims do not meet the criteria for a claim for negligent activity but, instead, must be classified as a premises liability claim.

Wal-Mart highlights several Texas cases that established that a negligent activity claim requires an injury to occur contemporaneously with the alleged negligent conduct. Wal-Mart also addresses Sandoval's implied claims of negligent hiring, training, and supervision. Such claims require evidence of an actionable tort committed by a specific employee due to the employer's negligence in hiring or supervising.

Lastly, Wal-Mart argues that Sandoval's claims for negligent activity fail as a matter of law because it is undisputed that the injury arose from a condition on the property rather than an affirmative act. Further, Wal-Mart claims that the claims for negligent hiring, training, and supervision are unsupported due to the absence of an underlying actionable tort.

## IV.   STANDARD OF REVIEW

Rule 56 of the Federal Rules of Civil Procedure authorizes summary judgment against a party who fails to make a sufficient showing of the existence of an element essential to the party's case and on which that party bears the burden at trial. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc). The movant bears the initial burden of "informing the Court of the basis of its motion" and identifying those portions of the record "which it believes demonstrate the absence of a genuine issue of material fact." *Celotex*, 477 U.S. at 323; *see also Martinez v. Schlumberger, Ltd.*, 338 F.3d 407, 411 (5th Cir. 2003). Summary judgment is appropriate where the pleadings, the discovery and disclosure materials on file, and any affidavits show that "there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).

If the movant meets its burden, the burden then shifts to the nonmovant to "go beyond the pleadings and designate specific facts showing that there is a genuine issue for trial." *Stults v. Conoco, Inc.*, 76 F.3d 651, 656 (5th Cir. 1996). "To meet this burden, the nonmovant must

'identify specific evidence in the record and articulate the 'precise manner' in which that evidence support[s] [its] claim[s].'" *Id.* (internal citations omitted). It may not satisfy its burden "with some metaphysical doubt as to the material facts, by conclusory allegations, by unsubstantiated assertions, or by only a scintilla of evidence." *Little*, 37 F.3d at 1075 (internal quotation marks and citations omitted). Instead, it "must set forth specific facts showing the existence of a 'genuine' issue concerning every essential component of its case." *American Eagle Airlines, Inc. v. Air Line Pilots Ass'n, Intern.*, 343 F.3d 401, 405 (5th Cir. 2003).

V.   **ANALYSIS & DISCUSSION**

The Court grants Wal-Mart's motion for summary judgment, finding that Sandoval failed to raise a genuine issue of material fact regarding either her premises liability claim or her negligence claim[1]. First, the Court finds no evidence that Wal-Mart either created the hazardous condition or had actual knowledge of its existence. Surveillance footage clearly shows that the water trail was created by two customers at 6:02:28 PM, when no Wal-Mart associates present at the time. Wal-Mart employees were also not shown to have observed the spill before Sandoval fell. Under Texas law, a premises owner cannot be held liable without proof of actual knowledge of the hazard. *See, Wal-Mart Stores, Inc. v. Reese*, 81 S.W.3d 812, 813 (Tex. 2002).

Additionally, the Court concludes that Sandoval cannot establish constructive knowledge of the spill. In order to establish constructive knowledge Sandoval must provide temporal evidence showing that the hazard existed long enough to give Wal-Mart a reasonable opportunity to discover and remedy it. Surveillance footage demonstrates that the spill was present for six minutes before

---

[1] The court also notes that Sandoval intended to drop her negligence claim, as indicated in the filings. As a result, any derivative claims, such as negligent hiring, training, and supervision, must fail as a matter of law. Since the premises liability claim, Sandoval's only remaining substantive claim, cannot survive summary judgment, the negligence-based claims are rendered moot and must also be dismissed. Accordingly, there are no viable claims remaining in this case to proceed to trial.

the incident, during which time no Wal-Mart employees passed by or encountered the spill. Texas courts have consistently ruled that a duration of less than 45 minutes is legally insufficient to establish constructive knowledge. *See, Threlkeld v. Total Petroleum, Inc.*, 211 F.3d 887, 894 (5th Cir. 2000).

Further, Sandoval's own testimony and submitted videos depict a clearly visible trail of water on the concrete floor. This was an open and obvious condition. Under Texas law, a premises owner has no duty to warn invitees of open and obvious hazards that a reasonable person would notice and avoid. *Austin v. Kroger Tex., L.P.*, 465 S.W.3d 193, 204 (Tex. 2015).

For these reasons, the Court concludes that Wal-Mart is entitled to judgment as a matter of law. The motion for summary judgment is **GRANTED**.

It is so **ORDERED**.

SIGNED on December 12, 2024, at Houston, Texas.

Kenneth M. Hoyt
United States District Judge